**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 17 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10285 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-01495-SRB |
| v. | |
| JUAN GODINEZ-MARTINEZ, a.k.a. Juan Godinez Martinez, a.k.a. Carlos Hernandez Ramirez, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted July 11, 2017[**]

Before:     CANBY, KOZINSKI, and HAWKINS, Circuit Judges.

Juan Godinez-Martinez appeals from the district court's judgment and

challenges the 18-month sentence imposed following his guilty-plea conviction for

reentry of a removed alien, in violation of 8 U.S.C. § 1326.  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291, and we affirm.

Godinez-Martinez contends that the district court erred by rejecting the parties' binding plea agreement. We review the district court's decision to reject a plea agreement for abuse of discretion. *See In re Morgan v. U.S. District Court*, 506 F.3d 705, 708 (9th Cir. 2007). The district court acted within its discretion in rejecting the plea agreement in light of individualized reasons provided by the court. *See id.* at 711-12.

Godinez-Martinez next contends that the district court erred by departing upward under U.S.S.G. § 4A1.3 to account for the inadequacy of his criminal history category. We review the decision to depart under U.S.S.G. § 4A1.3 not for procedural correctness but rather by determining whether the ultimate sentence was reasonable. *See United States v. Ellis*, 641 F.3d 411, 421-22 (9th Cir. 2011). The 18-month, above-Guidelines sentence was substantively reasonable in light of the 18 U.S.C. § 3553(a) factors and the totality of the circumstances, including Godinez-Martinez's significant criminal and immigration history. *See Gall v. United States*, 522 U.S. 38, 51 (2007).

**AFFIRMED.**

16-10285